Rogelio Rodriguez DELGADO and Francisco M. Correa d/b/a D & C Construction Company, Appellant,

v.

Mauro HERNANDEZ d/b/a Rainbow Stucco & Building Supply Company, Appellee.

No. 5711.

Court of Civil Appeals of Texas.

El Paso.

May 5, 1965.

Rehearing Denied May 26, 1965.

Woodard & Christie, El Paso, for appellants.

John W. Whitaker, El Paso, for appellee.

CLAYTON, Justice.

This is a suit on verified account in the amount of $784.93 brought by appellee against appellant for construction materials. Appellee testified that he was approached by appellant Correa asking that appellee furnish one J. R. Hernandez, who held a masonry and plastering sub-contract from D & C Construction Company, such materials and supplies as might be needed under this contract. Appellee stated that since he would not give Hernandez credit because of a pending suit by him against Hernandez for supplies previously furnished to the latter, Correa authorized appellee to charge any purchases by Hernandez under his sub-contract to the D & C Construction Company in a separate account. Statements of this account were given to Hernandez in bills prepared separately and apart from the regular D & C account with appellee. Appellee further testified that from time to time payments were made to the separate account or "Hernandez" account, apparently by checks of the D & C Construction Company made out to J. R. Hernandez and Rainbow Stucco and Supply, but no such checks were introduced in evidence. Appellee did introduce in evidence, without objection as to their self-serving character, two ledger sheets which he identified as having been prepared by him as original and regular business records, one headed "D & C Construction Co. * * * asked for by F. M. Correa", and the second headed "D & C Const. Co. Doctor Rogelio Rodriguez Delgado & Francisco M. Correa. * * * This material to be under the name of J. R. Hernandez Requested by F. M. Correa." On cross examination by appellant's counsel, appellee testified as follows:

"Q  To get back to my original question, was this promise to pay in the event J. R. Hernandez didn't pay, was that ever put into writing?

"A  No, sir.

"Q  And never signed by anyone?

"A  No.

"MR. CHRISTIE: If the court please, I have a motion at this time, if the court would like to hear it out of the presence of the jury.

"THE COURT: Finish with your examination of the witness, counsél.

"MR. CHRISTIE: Pass the witness, with the right to cross examine him at a later time.

"THE COURT: You can cross examine him now. I realize what counsel has in mind, however, I would want the examination of the witness completed.

"MR. CHRISTIE: I don't want to waive my right.

"THE COURT: You will have the right to make a motion."

When appellee had rested his case the following transpired:

"Here the jury was excused from the courtroom and the following motion was made, out of the hearing of the jury.

"MR. CHRISTIE: Comes now the defendant Rogelio Rodriguez Delgado

and Francisco M. Carrea, doing business as D & C Construction Company, with its motion for instructed verdict on the following specific grounds:

"That the action which is the basis of this law suit is an attempt to charge the defendants upon a promise to answer for the debt, default or miscarriage of another, to-wit, J. R. Hernandez, and is unenforcible by virtue of Article 3995 of the Texas Civil Statutes which states, 'No action shall be brought in any court in any of the following cases, unless the promise or agreement upon which such action *action* shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereunto lawfully authorized.'

"THE COURT: The court will over rule the motion at this time."

Appellant then put on its testimony. Appellant Correa denied that he had promised appellee to pay for the materials ordered by J. R. Hernandez, but promised that any checks owing to Hernandez would be made out in the joint names of Hernandez and Rainbow Stucco & Building Supply Company, the appellee. He further testified that some of these checks were not endorsed by appellee or his company but were cashed by the bank. When appellant rested, it was stipulated that "the promise (of Correa) if any, was not made in writing."

In answer to special issues, the jury found that appellant Correa authorized appellee to deliver merchandise to J. R. Hernandez and to charge it to a separate account of the D & C Construction Company, that the market value of the merchandise was $744.77, and that the promise to pay appellee was not conditioned on the appellee's being unable to collect from J. R. Hernandez. Judgment was rendered for appellee on this verdict.

Appellant had requested special issues inquiring whether the promise of Correa to appellee had been in writing, and if so, whether such promise was signed by Correa. The trial court refused such requested special issues.

 It occurs to us that such refusal was warranted since the record reveals no written promise or agreement, or memorandum thereof, and it was so stipulated; therefore there was nothing to be signed, and no issue arose on these points. By the same token, we believe, there is nothing to show compliance with Article 3995 of the Statute of Frauds, and appellant's motion for instructed verdict should have been granted, or the case withdrawn from the jury and judgment rendered by the court for the appellant. Jackson v. Marshall, 243 S.W.2d 205, 207 (Tex.Civ.App.1951; n.w.h.); McDonald, Texas Civil Practice, Vol. 3, § 11.25, p. 1025. This point was properly preserved and is presented to this court in appellant's first point of error, which is sustained. All other points of error are overruled, but the sustaining of the first point of error requires that the judgment be reversed, and since this case seems to have been fully developed, judgment is here rendered for appellant.

Reversed and rendered.